## Fischl v. Chubb

*Roland Fleer*, for plaintiff.
*David E. Groshens*, for defendant.

CORSON, J., April 5, 1937.—The statement of claim in the present case sets forth that plaintiff was bitten, upon a public street in the State of New Jersey, by a dog owned

by defendant. For the damages resulting from such bite plaintiff seeks to recover from defendant.

According to plaintiff's statement, under the statute law of New Jersey, as construed by the New Jersey courts, there is an absolute liability upon the owner of a dog to pay any damages sustained in a public place. While the burden rests upon plaintiff of showing such facts to be true, yet, in consideration of defendant's affidavit of defense raising questions of law, in the nature of a demurrer, we must assume such facts to be true.

Defendant's affidavit raises the single question whether or not, upon the allegations set forth in the statement, any liability is created in favor of plaintiff against defendant. Defendant contends that since the statement admits that the dog had rabies at the time plaintiff was bitten, and further admits that defendant is a resident of Abington Township, this county, a distance of almost 30 miles from Trenton, N. J., where the bite took place, plaintiff should allege some negligence upon the part of defendant in failing to keep the dog under control, or some similar act of negligence.

While there has been no case found in Pennsylvania exactly in point, yet in the case of Dickinson, Admx., v. Jones et al., 309 Pa. 256, 260, Mr. Justice Schaffer, speaking for the court, said:

"We start with the proposition, not disputed, that 'The general rule is that the law of the place where the tort resulting in death is committed (lex loci delicti) will determine whether an action can be brought therefor, and the party who is to bring it' ".

Several opinions of the Supreme Court of Pennsylvania would seem to indicate respect for the authority of the A. L. I. Restatement of the Law. Under section 379, A. L. I. Restatement of Conflict of Laws, it is stated:

"Except as stated in §382, the law of the place of wrong determines . . . (c) whether a person is responsible for harm he has caused irrespective of his intention or the care which he has exercised."

Section 382 has no application to this case. Commenting on clause (c), the Restatement says:

"If, by the law of the place of wrong, an actor is liable for harm caused though he neither acted with the intention of causing the harm nor acted negligently, it is immaterial that by the law of the state in which he acted no liability is imposed in the absence of such fault."

The illustration given under this section is a case where under the law of State X the keeper of a tamed wild animal is liable for injury done by the animal only if the keeper is negligent; by the law of State Y he is liable irrespective of negligence for any injury done by the animal. Upon this state of facts, A in X keeps a tame bear; the bear escapes without fault, goes into State Y and bites B. A is held to be liable. As counsel for plaintiff argues, this illustration would seem to be on all fours with the present case.

We must hold, therefore, that the law of New Jersey fixes the question of liability, unless the New Jersey law is so much against public policy of the State of Pennsylvania as to prevent rights under such law being enforced in the State of Pennsylvania. While we can conceive cases where a plaintiff might be prevented, as a matter of public policy, from asserting in this State rights arising under the law of another State, yet we feel that this is not such a case. By statute, the State of New Jersey has changed the common-law liability of a dog owner from a conditional to an absolute liability under certain conditions.

Present plaintiff is not asking this court to enforce payment of something such as a gambling debt, but merely to enforce her rights under the New Jersey law of torts.

And now, April 5, 1937, for the reasons given, the questions of law raised by defendant in his affidavit of defense are decided against defendant, and defendant is allowed 15 days after notice of the filing of this opinion within which to file an affidavit upon the merits, if he desires so to do.