## Butler's Estate

*Needleman & Needleman,* for petitioner.

KUN, J., February 29, 1940.—At the audit of the first and partial account it appeared that notice of the same was duly given to the parties in interest. The only question submitted to the court for determination was with reference to liability of the estate to the City of Philadelphia for the maintenance of the incompetent at the Philadelphia General Hospital, on a stipulation of facts filed of record.

It is stated that the house agent at the hospital agreed with the husband of the incompetent that he would be charged at the rate of $5 a week for the maintenance of his wife. There is no authority in the house agent to make any such special agreement for the maintenance of an incompetent. The liability for the maintenance is the cost of the maintenance. It is further stated that the entire amount of the claim in the sum of $498 accrued during the lifetime of the husband who was employed as a

stevedore during that time. The husband died on February 14, 1938, without leaving any estate. In the circumstances the estate of the incompetent is liable for her maintenance from the time she was admitted into the hospital: Arnold's Estate, 253 Pa. 517; Directors of the Poor, etc., v. Nyce, etc., 161 Pa. 82; Walters' Case, 278 Pa. 421.

The guardian of the estate of the incompetent received the sum of $2,519.17 on behalf of the incompetent as an award to her for the wrongful death of her husband. It is claimed by the guardian that because of the provisions of the Wrongful Death Act of April 26, 1855, P. L. 309, as amended by the Act of June 7, 1911, P. L. 678, this fund is not liable for the incompetent's maintenance.

It is the opinion of the court that the provision therein, that any sum recovered thereunder shall go to the persons entitled to share in the proportion they would take of the personal estate of the deceased in case of intestacy "without liability to creditors", has reference to creditors of decedent, and not to creditors of the beneficiaries. This is clear from a consideration of the fact that the prior Wrongful Death Act of April 15, 1851, P. L. 669, 674, gave a right of action for such injuries to the personal representatives of the deceased, the effect of which was that when any sum was recovered thereunder it became available to creditors of decedent, to such an extent that the widow and children very often received no benefit therefrom. The change made by the Act of 1855 was to confer the right of recovery on certain members of the family directly, and to emphasize the point the words "without liability to creditors" were added, meaning, obviously, the creditors of decedent. So that when such a fund comes into the hands of a surviving husband, or wife, or children, it cannot be taken for the payment of debts of decedent, but there is no reason whatever for assuming that it cannot be taken for the payment of the beneficiary's own debts, certainly for his own mainte-

nance. See Books, Admr., v. Borough of Danville, 95 Pa. 158, 165, and Dickinson, Admx., v. Jones et al., 309 Pa. 256, 262; also see note under Rule 2202(*a*) in printed pamphlet of the Pennsylvania Rules of Civil Procedure, promulgated under the provisions of the Act of June 21, 1937, P. L. 1982.

In the matter before us the claim is not for the maintenance of the husband, but it is for the maintenance of the incompetent herself, and having come into an estate, there is no legitimate reason for holding that the city, which at public expense has maintained the incompetent, should not be reimbursed for the actual cost thereof, and this applies to after-acquired property as well as any other, as the cases hold. There is nothing in Brusbard's Estate, 34 D. & C. 107, which we decided, that is contrary to the views here expressed. In the first place, as was pointed out, a proper interpretation of the so-called exemption clause in the Act of 1855, considering the prior Act of 1851, which it amended, compels the conclusion that the exemption relates to claims of creditors of decedent, whereas in relation to funds received by a guardian of a war veteran from the Federal Government, under the Federal Act of August 12, 1935, 49 Stat. at L. 607, there considered, there is the specific provision that such benefits "shall be exempt from . . . the claims of creditors . . . either before or after receipt by the beneficiary", notwithstanding which, as we there pointed out, citing cases, as to such elementary obligations as support of his wife, such funds have been held chargeable and not protected by similar exemption clauses under prior acts of Congress. We also pointed out that even where a spendthrift trust has been created, it has been held that it is liable for necessaries furnished the beneficiary. Under those authorities, even if the exemption clause here considered were to be construed as exempting the fund from claims of creditors in the general sense, of

the beneficiary, it would still be liable for the incompetent's maintenance.

The stipulation of the parties is that the established per capita cost to the City of Philadelphia for rendering medical care and services at the Philadelphia General Hospital to the incompetent for the period from August 1, 1937, to January 13, 1938, was at the rate of $3 per day. The claim of the City of Philadelphia on that basis is allowed.

Fees of $50 to Irving J. Katz, Esq., and $150 to Abraham T. Needleman, Esq., are allowed. Claims of City of Philadelphia and Commonwealth of Pennsylvania as presented in the petition for distribution are likewise allowed.

The account is ratified, approved, and confirmed.