## Maxson, Appellant, *v.* McElhinney.

Argued September 24, 1951; reargued May 28, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*George A. Baldwin, Jr.,* with him *George A. Baldwin* and *Baldwin & Baldwin,* for appellant.

*Leonard L. Ewing,* with him *Reed, Ewing & Ray,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, May 29, 1952:

We are here faced with the question as to whether a petition to dismiss a complaint in trespass was a timely one under our Rules of Civil Procedure. The lower court held that it was and granted the prayer of the petition.

On May 21, 1949, Merle G. Maxson was riding through the state of North Carolina in an automobile owned by and allegedly driven by Benjamin Harrison McElhinney when the car left the road and struck a tree killing both Maxson and McElhinney. Maxson's widow brought this action on her own behalf and on behalf of her minor son against Estella E. McElhinney, administratrix of McElhinney's estate, to recover damages for wrongful death. Defendant filed an answer denying operation of the car at the time of the accident. Thereafter, defendant filed a petition in which she alleged that since the accident happened in North Carolina the law of that state controlled and that under North Carolina law the only person entitled to bring suit for wrongful death is the personal representative and concluded from that, that plaintiff could not bring the suit. Plaintiff's answer to that petition, so far as material here, averred that the petition was in the nature of a preliminary objection and could not be

considered after a responsive answer to the complaint had been filed.

Although the petition was entitled "Petition Raising Defense of Lack of Capacity to Sue", the learned court below treated it as a petition to dismiss for non-joinder of an indispensable party and after exhaustive study dismissed the complaint on that ground.

It is not disputed that under the North Carolina wrongful death statute only the personal representative has the right to bring suit. It is likewise true that the law of North Carolina governs the right of action here: *Dickinson v. Jones,* 309 Pa. 256, 163 A. 516; *Rosenzweig v. Heller,* 302 Pa. 279, 153 A. 346; *Roberts v. Freihofer B. Co.,* 283 Pa. 573, 129 A. 574. Thus, if the defense was not waived by the filing of a responsive answer, the complaint was properly dismissed. See e.g.: *LaBar v. New York, etc., R. R. Co.,* 218 Pa. 261, 67 A. 413; *Usher v. Railroad Co.,* 126 Pa. 206, 17 A. 597.

Under Rule 1032, Pa. Rules Civ. Proc., the filing of a responsive answer waives all defenses except failure to state a claim upon which relief can be granted, failure to join an indispensable party, and lack of jurisdiction over the subject matter. It follows, therefore, that the defense of lack of capacity to sue is waived by a responsive answer. However, we are in full accord with the lower court that the present controversy involves more than a mere lack of capacity on the part of plaintiff to sue. That defense is designed for cases where the remedy alone is affected. For example, where a person has failed to register a fictitious name he is barred from bringing suit by the Fictitious Names Act[1], but his substantive right still exists. Here, on the other hand, no right exists under North Carolina law except in the personal representative: *McCloy v. Atlantic Coast*

[1] Act of May 24, 1945, P. L. 967, §4.

*Line R. Co.,* 229 N. C. 57; *Hall v. Southern R. Co.,* 146 N.C. 345. Since no right exists in plaintiff, she cannot state a claim upon which relief can be granted and for that reason her suit must be dismissed.

This is not a case, as the learned court below held, of non-joinder of an indispensable party. By definition, non-joinder is the failure to include, in addition to those named, someone else who has a vital and direct interest in the controversy and whose interest cannot in law or in good conscience be severed from the parties named in the suit. That rule would be applicable here if the law of North Carolina required both the widow and the personal representative to bring suit jointly.

This situation is analogous to that which would prevail if X were injured and Y brought suit to recover for those injuries, basing his claim solely on the fact that he was a creditor of X. Clearly, Y could not recover for the reason that he had no rights arising out of the accident. He could not, therefore, state a claim on which relief could be granted.

While *Usher v. Railroad Co.,* supra, was decided prior to the existence of our procedural rules, it is decisive of the issues in this case. There Usher was killed in an accident occurring in New Jersey through the alleged negligence of defendant. The New Jersey statute also provided that suit may only be brought by the personal representative. Nevertheless, the widow brought suit in her own name. At the trial these facts were brought to the court's attention and a non-suit was promptly entered. The refusal to remove the non-suit was affirmed by this Court. Mr. Justice MITCHELL in writing the opinion of the Court stated (p. 210): "But having been killed, his [Usher's] right of action, under the universal rule of the common law, terminated with his life. If any right of action remained, it must have been wholly based upon statute, and as the occur-

rence out of which, if at all, the right must arise, took place in New Jersey, it is to the statutes of that state alone that we must resort *to ascertain the nature of the right, and the party in whom it is vested."* (Italics added). We then held that since the New Jersey statute vested the right in the personal representative and no one else, the widow could not recover. That is precisely the case here. The North Carolina statute created a right where none existed at common law and vested that right in the personal representative. He is the only person who could exercise that right and no one other than he could state a legally enforceable claim.

It might be possible under different circumstances to amend the pleadings by making the personal representative the party-plaintiff to the suit. But where, as here, the statute of limitations has become a bar, no amendment can be permitted since that, in legal effect, would be the introduction of a new cause of action by the substitution of different parties: *LaBar v. New York, etc., R. R. Co.*, supra. Accordingly, the order of the court below dismissing the complaint and entering judgment for defendant was correct.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

In view of the fact that the defendant replied to the merits of the complaint in trespass, I believe that she waived all technicalities and that, therefore, the complaint should stand.

I would reverse the lower court.