## McIntyre, Administratrix, v. Barr et al.

508

*Morris Passon*, for plaintiff.

*Robert F. Maxwell*, for defendant.

SLOANE, J., May 18, 1953.—The sufficiency of an amended complaint in trespass is before us on preliminary objections and a petition to dismiss. For our purpose the facts are:

1. On January 14, 1951, Helen Gertrude O'Donnell received injuries in an auto accident in Camden, N. J., from which she died the same day.

2. On February 1, 1951, Florence McIntyre, a sister of decedent, was appointed administratrix of her estate by virtue of letters granted by the Register of Wills of Philadelphia County, Pa.

3. Decedent had been a passenger in a car owned by Mary T. Barr, a resident of Mantoloking, N. J., driven by Joseph J. McDermott, of Montgomery County, Pa. This car had collided with a truck owned by Quinn Freight Lines, Inc., of Massachusetts, driven by its employe, Kenneth L. Henkel, also of Massachusetts.

4. September 14, 1951: Suit was started in Philadelphia by the general administratrix against Barr, McDermott, Quinn and Henkel, but only McDermott was served (at the Philadelphia Navy Yard on September 28, 1951). There was a return of "Not Found" as to the other three defendants.

5. The administratrix's complaint stated two causes of action: (a) "First Cause of Action" for wrongful death under the Pennsylvania Acts of April 15, 1851, P. L. 669, sec. 19, and of April 26, 1855, P. L. 309, as amended, 12 PS §§1601, 1602, and 1603, and Pa. R. C. P. 2202(a), on behalf of two brothers and two sisters of decedent, and (b) a "Second Cause of Action" on behalf of the estate under the Pennsylvania Act of July 2, 1937, P. L. 2755, sec. 2, 20 PS §722 (now under the Act of April 18, 1949, P. L. 512, sec. 603, 20 PS §320.603). No answer to the complaint was filed by the served defendant.

6. December 22, 1952: Plaintiff administratrix filed a petition to amend the complaint in order to bring the two causes of action under the New Jersey instead of the Pennsylvania statutes,—the wrongful death case under title 2:47-1 N. J. S. A., and Pa. R. C. P. 2207, and the "survival action" under title 2:26-9 N. J. S. A., and Pa. R. C. P. 2207. Defendant filed no answer to the petition and on December 29, 1952, the rule was made absolute. Plaintiff filed her amended complaint in trespass that same day.

7. January 19, 1953: Defendant filed preliminary objections and a petition to dismiss the action. He assigns several reasons: That the amended complaint pleads a new cause of action; that the amended complaint fails to aver dependency of the next of kin for whose benefit the wrongful death action is brought and the New Jersey statute requires that there be such dependency; that plaintiff has failed to give notice to those alleged to be interested in the action, as required by Pa. R. C. P. 2205; that the action was brought by a person not authorized to do so under the New Jersey statute, which requires such action to be brought by an administrator ad prosequendum appointed in New Jersey, and that there is no right of action for damages suffered by the estate under New Jersey law.

Defendant also asks for dismissal of the action on the ground that the statute of limitations of Pennsylvania has already run and that it is therefore too late for further amendment.

The law of the State where the injury which resulted in death occurred, governs the right of action in this State: Maxson v. McElhinney, 370 Pa. 622, 624, and cases cited; Dickinson, Admx., v. Jones et al., 309 Pa. 256, 260. Thus the action as originally brought was in error because the complaint pleaded the Pennsylvania statutes both as to the wrongful death and the survival action, and no right of action under these statutes had ever arisen. There could be no waiver of such error, especially since no answer was filed. Moreover, the wrongful death action claimed damages for two brothers and two sisters of decedent while the Pennsylvania statutes provide that the surviving spouse, children or parents, and no other relatives, are the persons entitled to recover damages in the wrongful death action: Acts of 1851 and 1855, as amended, supra. If no child, spouse or parent survives, the true action for wrongful death (in Pennsylvania) may not be brought, though damages may be recovered by the personal representative for reasonable hospital, nursing, medical, funeral and administration expenses, under the amendment of April 1, 1937, P. L. 196, sec. 1, 12 PS §1602.

Though no preliminary objections were filed to the original complaint, plaintiff eventually realized that the action as filed was not proper, and filed a petition to amend, which was allowed. Defendant did not oppose this petition, and subsequently an amended complaint was filed, on December 29, 1952. Again, plaintiff was the general administratrix, appointed in Pennsylvania, but the action was pleaded under the New Jersey statutes. The wrongful death action was stated to be for the benefit of the two brothers and two sisters of decedent.

The wrongful death action must be dismissed because it was not brought by an administrator ad prosequendum, as provided by the New Jersey statute. The legislation of that State is the only source for ascertainment of the nature of the right and the party in whom it is vested: Maxson v. McElhinney, 370 Pa. 622, 625-26, citing Usher v. Railroad Co., 126 Pa. 206, 210. See also Papciak admx., etc., v. Palmer, etc., 82 D. & C. 381; A. L. I. Restatement of the Law of Conflict of Laws, §§391 et seq. The requirement of an administrator ad prosequendum is more than a mere formality, easily overlooked; the administrator acts as trustee for the benefit of those entitled to share in the damages for the wrongful death. The right of action is given by the pertinent statute. A recovery by the general administrator of the estate could leave a defendant still subject to suit by a properly appointed administrator ad prosequendum. In the case of Dickinson, Admx., v. Jones et al., supra, at page 258, where a Pennsylvania administrator was held to be a proper party to bring the wrongful death action, the New York statute in question permitted an action by "an administrator duly appointed in this state or in any other state."

There are New York cases, e. g., O'Brien v. Thelluson, 39 N. Y. S. 2d 849, in which it was held that an administratrix ad prosequendum appointed by the New York court was a proper party to prosecute a wrongful death action arising from a New Jersey accident, and that it was unnecessary that a New Jersey court appoint the administratrix ad prosequendum. However, the similarity of the New York and New Jersey statutes in this respect was pointed out; New York has a statute providing for an administrator with letters limited to prosecuting a wrongful death action for the benefit of those entitled to share in the recovery. See Jongebloed v. Erie R. Co., 42 N. Y. S.

2d 260, affd. in 44 N. Y. S. 2d 681. See also Wikoff v. Hirschel, 258 N. Y. 28. The Pennsylvania statute is different; there is no provision for an administrator for the sole purpose of prosecuting a wrongful death action.

Since no administrator ad prosequendum was ever appointed or brought upon the record as a plaintiff in the wrongful death action, it should be unnecessary to consider the question whether to apply the Pennsylvania one-year statute of limitations or the New Jersey two-year statute in considering the amended complaint. Even the amended complaint failed to "state a claim upon which relief can be granted" because no right existed in a general administratrix plaintiff: Maxson v. McElhinney, supra, at p. 625. A reading of Rosenzweig, Admx., v. Heller, 302 Pa. 279, shows that the one-year Pennsylvania statute must be applied, so that even a proper amendment with proper parties would have been too late unless there was waiver or agreement by the opposite party. See Smith, Administrator, v. Pennsylvania Railroad, 304 Pa. 294.

In the present case, where no proper amendment was made either within the time-limitation of the forum, Pennsylvania, or that of the State where the cause of action arose, New Jersey, the wrongful death action falls entirely. By the law of the State which created the right, the time limitation is a condition of the right and does not affect merely the remedy. See Peters et al., v. Public Service Corporation et al., 132 N. J. Eq. 500, 29 A. 2d 189, affirmed in 133 N. J. Eq. 283, 31 A. 2d 809. The New Jersey Death Act operates as a limit of the liability of the wrongdoer as well as of the remedy. We may therefore not apply the rule of Pennsylvania which holds that the statute of limitations in actions for wrongful death is an ordinary statute which goes to the remedy and not to the right, with the result that the statute can be waived by defendant

if not properly pleaded. See Echon, Admx., v. Pennsylvania Railroad, 365 Pa. 529; Rosenzweig, Admx., v. Heller, 302 Pa. 279. See also A. L. I. Restatement of the Law of Conflict of Laws, §397.

In the present case, more than two years have elapsed so that no further amendment is possible, and the first cause of action (for wrongful death) must be dismissed. This result makes it unnecessary to decide whether the amended complaint had to make a formal averment of dependency of the two brothers and two sisters to comply with the New Jersey statute, and the effect of the failure to give notice (under Pa. R. C. P. 2205) to those interested in the action. Other things being right, I would hold these defects could be helped and corrected at any stage. Notice to the prospective beneficiaries is for their benefit rather than that of defendant; he has no prejudice to himself on that score. The facts of dependency must be established, under the New Jersey statute (where brothers and sisters are the nearest surviving relatives), and ought to be averred, but the later addition of such an averment would not constitute so basic a change in the parties or cause of action as to require refusal of such an amendment.

As to the survival action the preliminary objection must fall. The New Jersey statute (title 2:26-9, N. J. S. A.) does allow such an action by the administrator "for any trespass done to the person or property, real or personal, of their . . . intestate against the trespasser, and (to) recover their damages as their . . . intestate would have had if he was living."

By the amendment filed December 29, 1952, plaintiff, as an administratrix appointed in Pennsylvania, sought to recover for the benefit of decedent's estate under the applicable New Jersey statute. In the case of Papciak, Admx., etc., v. Palmer, etc., supra, it was said (at p. 385) :

"Recovery under the New Jersey Survival Act may be had by the Pennsylvania administrator in the Pennsylvania courts. See Dickinson, Admx. v. Jones et al., 309 Pa. 256. Plaintiff (a Pennsylvania general administratrix) . . . is clearly the person who, under Pa. R. C. P. 2207, is 'authorized to bring the action by the law of the jurisdiction where the cause of action arose.' "

Since any recovery is for the benefit of decedent's estate (and subject to claims of creditors), and is not a trustee action on behalf of a class of beneficiaries as in the wrongful death action, it is logical that it be brought by the general administrator who need not be appointed in New Jersey.

Though the survival action was not properly stated in the original complaint because brought under the Pennsylvania statute, adequate correction was made by the amendment. Moreover, no statute of limitations question comes up as to the amendment. The New Jersey statute which creates the right allows two years, and this is also the limitation period of the forum, Pennsylvania, whose statute must be applied. See A. L. I. Restatement of the Law of Conflict of Laws, §§603-05. That the Pennsylvania statute of limitations for the survival action is two years (as contrasted with one year for the wrongful death action), is clear from the decisions in Stegner, Administrator, v. Fenton, 351 Pa. 292, and Piacquadio, Trustee, v. Beaver Valley Service Co. et al., 355 Pa. 183, 185. The survival action and the wrongful death action are separate and distinct. A motion to amend may be permitted in the survival action within the two-year period even though a similar amendment may be barred as to the wrongful death action by reason of the expiration of the one year: Bolitho v. Buch Express, Inc., 12 Federal Rules Decisions 188, (E. D. Pa. 1951).

In the present case the amendment was proper and

in time; actually the administratrix could have discontinued the first action and brought a second one under the applicable statute before the expiration of the statutory period, so that the amendment accomplishing the same result must be allowed.

### Order

And now, May 18, 1953, the preliminary objections are sustained as to the "First Cause of Action" (for wrongful death), and that action is hereby dismissed; the preliminary objection as to the "Second Cause of Action" by the general administratrix for the benefit of decedent's estate under the Survival Statute of New Jersey), is overruled. Defendant may file an answer to the "Second Cause of Action" within 20 days hereof.