## Martz v. Gibson

*John E. Martz*, p. p.
*M. Luther Harter, Jr.*, for defendant.

228

FORTNEY, P. J., August 29, 1955.—This matter is before the court on defendant's preliminary objections to plaintiff's complaint in assumpsit and plaintiff's answer thereto.

We take judicial notice of the following facts. Plaintiff, John E. Martz, was elected treasurer of Northumberland County at the general election held in November 1951, and is presently serving in that capacity.

Defendant, Robert Gibson, is the duly elected controller of Northumberland County and is now, and for 17 years prior hereto, has been serving in that capacity.

In this action, plaintiff avers that on June 3, 1946, LeRoy Thomas, Ray M. Leffler and James F. Kelley, who were the then county commissioners of this county, issued a warrant on the accounts of Northumberland County Institution District in the sum of $15,000. This warrant was in payment of an architect's charge: "On account of architectural services for selection of location and general layout, preliminary drawings, and working drawings for the Northumberland County Institution Home." Plaintiff alleges no drawings, maps or plans were ever submitted by the architect and that no services were ever performed by him. He claims the warrant was a deliberate attempt to defraud the county and this fact was known to defendant, Gibson, at the time he certified the warrant for payment. As county treasurer, on behalf of Northumberland County, John E. Martz, begins the present action to recover "damages" against the county controller in the sum of $15,000.

We direct our attention to the third preliminary objection, which is in the nature of a petition raising the defense of lack of capacity to sue. Lack of capacity to sue exists where there is some personal disability

to bring suit: Vol. 2 Anderson's Pa. Civil Practice, page 63, Pocket Parts. Or, as was said in Wetzel v. Scranton Lackawanna Trust Co., 54 Lack. Jur. 89, " 'The lack of capacity to sue' refers to the personal disability of a plaintiff by virtue of some statute or by reason of the fact that the plaintiff is not sui juris". The General County Law of May 2, 1929, P. L. 1278, sec. 1031, states all suits by a county shall be brought and conducted by the board of commissioners. The Act of June 24, 1937, P. L. 2017, created in each county (except of the first class) as a separate corporation, an institution district for the care and maintenance of certain indigent persons and children. In section 301 of this act, it is provided that each district shall be a body corporate with capacity to sue and be sued . . . and to make contracts. Section 302 thereof provides that the commissioners of each county shall be the executive and administrative officers of the institution district and the county treasurer shall be its treasurer. The Amendatory Act of July 3, 1941, P. L. 256, provided that the commissioners of the county shall keep accurate accounts of moneys of the institution district and as officers of the institution district should be subject to the same fiscal supervision and control as provided by law with respect to county funds. The financial report of the institution district is to be made annually and published in conjunction with and as a part of the similar report of the fiscal affairs of the county. Thus, the affairs of the institution district are assimilated with the affairs of the county, whereby they become subject to the same regulations and provisions. See Davis v. Carbon County, 369 Pa. 322 at 326.

We conclude that the statutory law requires the county commissioners, as the executive and administrative officers of the Northumberland County Institution

District, to bring an action of this nature. Clearly, John E. Martz, in his capacity as county treasurer, has no rights arising out of this transaction. He could not, therefore, state a claim on which relief could be granted. See Maxson v. McElhinney, 370 Pa. 622 at 624. It is interesting to note that plaintiff, in paragraph eight of his answer to the preliminary objections of defendant, admits he is without capacity to sue in this case. This preliminary objection has merit.

This conclusion makes unnecessary a discussion of the remaining preliminary objections of defendant.

Under the circumstances, we make the following

*Order*

And now, August 29, 1955, defendant's third preliminary objection is sustained. Plaintiff's suit is dismissed without prejudice.

Exception for plaintiff.