## Goldstein v. Sylk

*Paul Breen*, for plaintiffs.
*John David Egnal*, for defendant.

REED, *J.*, January 3, 1974—Plaintiff, a law firm in Boston, Mass. seeks by this assumpsit action to recover an alleged balance of legal fees due from defendant, William Sylk, an individual. Defendants' preliminary objections: (1) a motion for more specific pleadings; and (2) a motion to dismiss for

failure to join a necessary party, having been submitted on briefs, are before us for disposition.

Plaintiff's complaint alleges that "On or about July 19, 1966, *the defendant, William Sylk,* contracted for and engaged the services of the plaintiffs and promised to pay the plaintiffs for all other legal work and services to be performed by the plaintiffs *on behalf* of the defendant, *and* New Sun Ray Drug, Inc." (Emphasis added.) These services were connected with bankruptcy proceedings of New Sun Ray.

Plaintiff goes on to allege that these legal services were performed for defendant and a bill rendered therefore in the amount of $55,000. and that defendant has paid $11,187.54, leaving a balance due of $43,812.46, recovery of which plaintiff now seeks.

Defendant maintains that plaintiff must join New Sun Ray Drug, Inc., as a party defendant, because plaintiff's allegation that the work was performed "on behalf" of defendant *and this corporation*, makes New Sun Ray an indispensable party to the action. We do not agree.

Plaintiff's complaint alleges a contract only between itself and defendant, Sylk; nowhere is there any allegation of a contract or of contracting with New Sun Ray Drug, Inc. The mere fact that this corporate entity may have been made the third-party beneficiary of this contract does not make them also an indispensable party thereto. An indispensable party is one whose presence is essential for the granting of relief: Shell Development Co. v. Universal Oil Co. 157 F. 2d. 421 (1946); Maxson v. McElhinney, 370 Pa. 622 (1952). New Sun Ray is not at all necessary for the granting of the relief

alleged and sought by this complaint. We have no reason to concern ourselves with whatever the relationship may have been inter se defendant, Sylk, and New Sun Ray, and we do not. All we here decide is that New Sun Ray is not an indispensable party, and hence need not be joined as a co-defendant.

However, review of plaintiff's complaint leads us to conclude that defendant's motion for a more specific pleading is well taken and should be granted.

Under Pa. R.C.P. 1019(a): "The material facts on which a cause of action . . . is based shall be stated in a concise and summary form;" and at subsection (f): "Averments of time, place and items of special damage shall be specifically stated."

We recognize that modern discovery methods most always afford a means to develop those facts which may be essential but are not alleged. Notwithstanding, a defendant is nevertheless initially entitled to receive a proper pleading adhering to the minimum prerequisites of the Rules of Civil Procedure, informing him of those facts which form the nucleus of the cause against him and to which he must respond. Where a pleader omits the basic pleading requirements, his failure cannot be overcome by imposing upon his respondent the burden of seeking out his cause by discovery procedures.

A complaint must set forth where the alleged contract was made: Gilbert v. Wohl, 56 D. & C. 2d 376 (1972). This complaint does not do so; neither does it set forth whether the action is based upon an express contract or on quantum meruit. If the former, then the general terms of the contract must be pleaded; if the latter, then the approximate times, nature, and character of the services must

be pleaded, see Rosenn v. Penna. Garment Mfr.'s Assoc., 51 Luz. 95 (1961); Lenahan v. McNelis, 28 D. & C. 45 (1936); Raphael v. deSager, 53 Lanc. 277 (1953). If, in addition, recovery of expenses is sought, their details should be pleaded: Beckman v. Hershey Creamery Co., 30 Dauph. 399 (1927). Plaintiff's complaint will have to be amended to set forth these essentials.

## ORDER

And now, January 3, 1974, it is hereby ordered and decreed as follows:

1. Defendant's preliminary objection for joinder of an indispensable party is denied.

2. Defendant's preliminary objection in the nature of a motion for a more specific pleading is granted. Plaintiff is granted leave to file an amended complaint in conformity with this opinion within 20 days from the date of this order.