## Midland Credit Company v. Dull, Sr.

*Reed J. Davis*, for plaintiff.

*James S. Ruffner* and *Craig & Ruffner*, for defendants.

SALMON, J., February 23, 1974.—Defendants have filed preliminary objections to the amended complaint, the same have been argued orally and written briefs have been submitted.

This is an action in assumpsit to recover a deficiency due on a motor vehicle bailment lease agreement dated May 29, 1952, between the Todd Motor Sales as Lessor and William H. Dull, Sr., and Rose Marie Dull as lessees. The agreement appears to have been assigned by the lessor to Midland Credit Company on the day it was made. No other assignment is alleged. While immaterial to the present issues, we observe that the complaint alleges a default by the lessees, a repossession by plaintiff, Midland Credit Company, a sale

of the automobile by Midland, and an alleged deficiency of $299.74, plus an attorney's fee of 15 percent of the loss, making a total claim of $344.70 with interest from October 25, 1952, now a period of more than 21 years, which would make the interest amount to more than 125 percent of the claim.

Defendants promptly filed preliminary objections to the original complaint which, for brevity, may be restated as follows:

1. The complaint is not signed and verified as required by Pennsylvania Rules of Civil Procedure 1023(a) and 1024(c) and, therefore, should be stricken.

2. The complaint reveals that plaintiff is no longer functioning as a business corporation and is, therefore, without capacity to sue.

3. The complaint fails to reveal by what authority the action was brought, and defendants ask that judgment be entered in their favor.

4. The complaint is not sufficiently specific because it fails to explain by what authority suit is brought in the name of a nonexistent corporation.

5. The complaint is not sufficiently specific because it claims an attorney's commission of 15 percent without alleging any agreement by the defendants to pay the same and without alleging any legal basis for such claim.

The latter objections, 4 and 5, which attack the complaint as not being sufficiently specific and ask for a more specific complaint are, of course, inconsistent with the earlier objections which demand that the complaint be stricken and judgment entered in favor of defendants. However, such inconsistency is permitted by Pa. R.C.P. 1028(b), and we shall treat the same as being presented in the alternative.

Ten days after the preliminary objections were filed, plaintiff filed an amended complaint which completely

restates the original complaint. It contains a clarified execution of the complaint which shows the signature of an individual lawyer, and it also contains a revised affidavit by Reed J. Davis, Esq., an attorney for plaintiff, who says that he has personal knowledge of the facts and who further says that "agents of the plaintiff are outside the Commonwealth of Pennsylvania and whose signature cannot be obtained within the prescribed time." We assume there is some reasonable explanation for the quoted part of the affidavit although it does not appear that plaintiff was faced with any deadline either on the filing of the original complaint or on the filing of the amended complaint, and it would seem to us to be much better practice to have the client swear to the facts if at all possible. Nevertheless, we believe the revised affidavit meets the technical requirements of Pa. R.C.P. 1023(a) and 1024(c) and dissolves the first three preliminary objections filed by defendants.

The amended complaint also contains revised language in the first paragraph and now says, in part:

"Midland Credit Company is a corporation duly registered and authorized to do business in the City of Pittsburgh, County of Allegheny, and Commonwealth of Pennsylvania. The plaintiff corporation is no longer actively engaged in the business of financing in the Commonwealth of Pennsylvania. The plaintiff corporation maintains a number of accounts in the Commonwealth of Pennsylvania, *one of which is based on this action.*" (Italics supplied.)

Additional preliminary objections were immediately filed to the amended complaint, renewing the objections under Pa. R.C.P. 1024(c) and also renewing the preliminary objections filed to the original complaint and raising the question of plaintiff's capacity to sue and failure to bring the action by a real party in inter-

est and again demanding judgment in favor of defendants.

As above indicated, we believe that the revised affidavit meets the technical requirements of Pa. R.C.P. 1024. This is so even though it would be interesting to hear the affiant's explanation as to how he could swear in the first instance that plaintiff "was" a Pennsylvania corporation and in the amended complaint that it "is" a corporation duly registered. This question is particularly intriguing in view of the deposition filed on May 13, 1971, in this case which contains certified records from the Department of State showing that a certificate of dissolution of Midland Credit Company was filed in the Department of State on August 15, 1955. In the absence of some clear explanation, this record raises a serious question as to the sense of professional responsibility of the affiant.

The preliminary objection raising the question of plaintiff's capacity to sue and whether the complaint shows a cause of action warrants further consideration. We observe that this question was raised in the preliminary objections filed to the original complaint, and although plaintiff undertook to correct the execution of the complaint, it did nothing to supply this more substantial deficiency which was likewise pointed out in the same preliminary objections. It would seem reasonable that if plaintiff were able to amend its complaint to meet this objection, it would have done so at that time and thereby avoided further dilatory pleading by defendants.

The deposition filed by defendants and already referred to shows that plaintiff corporation was dissolved on August 15, 1955. The Pennsylvania Business Corporation Law contains the following provision:

"The dissolution of a business corporation shall not take away or impair any property right, tangible or in-

tangible, including any right of action, of such corporation. Should any such property right be discovered after the dissolution of the corporation, the surviving member or members of the board of directors which wound up the affairs of the corporation, or a receiver appointed by the court of common pleas of the county in which the registered office of the corporation was located, shall have authority to enforce such property right and to collect and divide its assets so discovered among the persons entitled thereto and to prosecute suits in the corporate name of the corporation": May 5, 1933, P. L. 364, art. XI, sec. 1111; June 24, 1939, P. L. 698, sec. 4; July 11, 1957, P. L. 711, sec. 1, 15 PS §2111(b).

Referring again to the articles of dissolution filed by plaintiff corporation as revealed by said deposition, we find that paragraph five therein reads as follows:

"5th: All remaining property and assets of the corporation have been distributed among its shareholders, in accordance with their respective rights and interests."

It thus appears from the record in this case that all assets of the corporation were properly distributed and the business of the corporation wound up. If the bailment lease agreement in this case was still owned by Midland at the time of dissolution, it must have been temporarily lost or mislaid and must now be an after-discovered asset. We observe that the above-quoted section of the Business Corporation Code contains the words "should any such property right *be discovered* after the dissolution of the corporation . . ." and makes provision for handling of the same by the surviving member or members of the board of directors which wound up the affairs of the corporation. (Italics supplied.)

The only possible alternative would be that this asset was assigned by Midland prior to its corporate

dissolution and is now owned by some other person. In that event, of course, the suit cannot be brought in the name of Midland, and the complaint is totally lacking in essential fact.

Returning to our first possibility, namely, that this bailment lease is an after-discovered asset, then the suit may only be brought by "the surviving member or members of the board of directors." In other words, all surviving members of the board are necessary parties. It seems obvious to us that if these defendants or any other defendants are to be saved the harassment of a multiplicity of suits, the complaint must be required to show the identification of the director or directors who bring the action in the name of the corporation and that they (1) were members of that final board, and (2) are all of the surviving members of that board. It seems to us that such allegations are essential to a valid complaint brought under section 1111(b) of the Business Corporation Code, as amended. We think this is especially so when the suit is filed 15 years after the corporation was dissolved.

While the statute permits the suit to be brought in the name of the corporation, it provides with equal clarity that the only person or persons who may bring the action are the surviving member or members of the last board of directors. Therefore, no one else may bring such a suit. In these circumstances, when an action brought fails to show on its face that it is brought in accordance with legal authority, the complaint fails to state a claim upon which relief can be granted, and for that reason the suit must be dismissed: Maxson v. McElhinney, 370 Pa. 622, 624, 625 (1952).

## ORDER

And now, February 23, 1974, for the reasons stated in the foregoing opinion, defendants' preliminary objec-

tions attacking plaintiff's complaint for failure to show capacity to sue and for failure to show suit brought by an appropriate party in interest are sustained. The complaint is stricken from the record and the prothonotary is directed to enter judgment for defendants.