655 A.2d 606

The BOROUGH OF BERWICK, Appellant,

v.

The QUANDEL GROUP INC., Technocon, Innova–Tech, Inc., Buchart–Horn, Inc., and Philadelphia Mixers Corporation, Appellees,

The BOROUGH OF BERWICK, Appellant,

v.

The QUANDEL GROUP INC., Technocon, Innova–Tech, Inc., Buchart–Horn, Inc., and Philadelphia Mixers Corporation, Appellees,

The BOROUGH OF BERWICK, Appellant,

v.

The QUANDEL GROUP INC., Technocon, Innova–Tech, Inc., Buchart–Horn, Inc., and Philadelphia Mixers Corporation, Appellees.

Superior Court of Pennsylvania.

Argued Jan. 25, 1995.

Decided March 10, 1995.

Petition for Allowance of Appeal Granted August 22, 1995.

Lawrence H. Fisher, Berwick, for appellant.

Frank L. Tamulonis, Jr., Pottsville, for Quandel Group & Technocon, appellees.

John J. Sylvanus, York, for Buchart–Horn, appellee.

Kevan F. Hirsch, Philadelphia, for Philadelphia Mixers Corp., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

In 1985, the Borough of Berwick decided to upgrade and refurbish its sewage treatment plant. The borough did this through the Municipal Authority of the Borough of Berwick (the Authority). The Authority owned the plant, and leased it to the Borough of Berwick. The Authority entered into construction contracts with the defendants. The borough was not a party to any of the Authority's contracts with defendants; it was a guarantor on one of the contracts with Buchart–Horn, an engineering firm.

The plant experienced significant problems, and in 1990 the Borough of Berwick sued defendants for breach of contract, breach of warranty, and negligence. The borough filed a complaint in 1992. One of the defendants, the subcontractor Innova–Tech, demurred. The trial court sustained the demurrer, and the borough appealed.[1] In a lengthy, highly detailed decision, we affirmed. *The Borough of Berwick v. The Quandel Group, Inc.,* No. 305 Phila. 1993, 433 Pa.Super. 602, 636 A.2d 1205 (Pa.Super., 9/14/93); brief of Quandel Group, S.R.R. at 19. This decision is the law of the case. We hereby incorporate it by reference, and rely on its analysis.

Our prior decision reviewed the borough's relationship with the Authority and this construction in great detail. We closely examined the contracts. We concluded that the borough was not a party to Innova–Tech's subcontract with the Authority, nor was it a third-party beneficiary. The borough could state no cause of action against Innova–Tech.

1. This suit was filed before the new version of Pa.R.A.P. 341 went into effect, which prevents such piecemeal appeals.

Our prior decision could be summed up as holding that the Borough of Berwick had no standing to sue Innova–Tech. It insulated itself from the plant construction, and instead used the separate legal entity of the Authority to build, maintain and own the plant. The Authority dealt with the defendants, so the proper party to bring suit would have been the Authority.

After we returned jurisdiction to the trial court, it addressed the demurrers and motions for judgment on the pleadings of the other defendants. The trial court applied the holding of our decision to the other defendants, and granted their motions, thus dismissing the case. Sensing that this would be the inevitable result, the borough brought a last-minute motion to amend its pleadings or to add the Authority as a second plaintiff. The Authority had originally refused to get involved with the borough's litigation, but now apparently acquiesced to being joined in this suit. The trial court denied these orders, holding that amendment would have been futile.

■ The borough now challenges the dismissal of defendant Buchart-Horn, the engineering firm which designed the plant and oversaw its refurbishment. On the present appeal, the borough has scarcely acknowledged our prior decision—it has not even bothered to include it in its reproduced record. The previous decision, however, is the controlling law of the case. There, we noted that although the borough signed the contract between the Authority and Buchart–Horn, it did so only as a guarantor. It appeared to us (and we stated in dicta) that the borough was not a party to the contract. *Berwick v. Quandel, supra* at 440 Pa.Super. 367, n. 2, 655 A.2d 606.

The borough presents no reasons why we should not follow our previous dictum on the present appeal. The same test for third-party beneficiary status applies now that did in the earlier appeal. *See Scarpitti v. Weborg,* 530 Pa. 366, 609 A.2d 147 (1992). The trial court found, and the record supports the conclusion, that Buchart–Horn intended to confer the benefit of its performance on the Authority, which is the party that has standing to bring this action. The borough signed the

contract only as a guarantor. Trial court opinion, 2/9/94 at 2–5. The record does not reveal why the Authority chose not to join the borough in this suit, or to bring an action in its own right. We can only agree with the trial court's conclusion that the borough still lacks standing with respect to Buchart–Horn.

■ In light of this, the borough attempted to amend its complaint and join the Authority as second plaintiff on the eve of dismissal. The trial court acknowledged that it may liberally allow the amending of complaints, but held that to do so at this stage would be futile. *Id.* at 6. We agree. The borough does not specify how it would amend its complaint except to state that "[t]he pleadings could have been amended so as to include the Municipal Authority so there is no question as to contract privity." Appellant's brief at 20. Hence, we interpret both the borough's motion to amend the complaint and its motion to join the Authority as requests to cure its standing problem by substituting the Authority as the plaintiff in this action.

■ A new party may be substituted when the effect is to correct a name, but a new and distinct party may not be added. *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning,* 366 Pa.Super. 430, 531 A.2d 494 (1987). The question is "whether the right party was sued but under a wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party." *Cianchetti v. Kaylen,* 241 Pa.Super. 437, 441, 361 A.2d 842, 844 (1976) (citations omitted).

■ This law concerning substitution of parties has usually arisen in the context of adding defendants after the statute of limitations has run against them. Here the action was initiated in 1990, and the four-year statute of limitations for contract actions had clearly expired by the time the borough sought to bring in the Authority. The twist is that the borough does not seek to add a new defendant, but to substitute the correct plaintiff for itself. A plaintiff without standing may not commence a suit and then attempt to substitute the proper plaintiff after the statute of limitations has run.

The substitution would effectively introduce a new cause of action which is time barred, and will therefore not be permitted. *Maxson v. McElhinney,* 370 Pa. 622, 624–25, 88 A.2d 747, 749 (1952).

At the same time, we must acknowledge that this question of plaintiff substitution has never arisen in the context of a municipality and its own municipal authority. Because this appears to be a novel, although obscure question, we do not consider the borough's appeal to be frivolous. We therefore decline appellee Philadelphia Mixer Corporation's application for counsel fees pursuant to Pa.R.A.P. 2744.

Orders affirmed.

WIEAND, J., concurs in the result.