J-A14039-14

2014 PA Super 166

MORRISON INFORMATICS, INC.,     :     IN THE SUPERIOR COURT OF
ANTHONY M. GRIGONIS, AND        :          PENNSYLVANIA
MALCOLM H. MORRISON,            :
                             :
         Appellants            :
                             :
         v.                    :
                             :
MEMBERS 1ST FEDERAL CREDIT     :
UNION, MARK ZAMPELLI, AND SCOTT   :
DOUGLASS,                   :
                             :       No. 467 MDA 2013
         Appellees             :

Appeal from the Order entered February 20, 2013
in the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2011-04636

BEFORE:  FORD ELLIOTT, P.J.E, OLSON, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:           **FILED AUGUST 12, 2014**

Appellants Morrison Informatics, Inc. Anthony M. Grigonis, and Malcolm H. Morrison (Plaintiffs, collectively) appeal from the February 20, 2013 order sustaining the preliminary objections of Members 1st Credit Union and dismissing Plaintiffs' amended complaint.  We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

The trial court summarized the history of this case as follows.

### I.  Introduction

> [Plaintiffs] filed a complaint on May 7, 2012 arising from the embezzlement of funds by Defendant Mark Zampelli (Zampelli).   On June 19, 2012, Plaintiffs filed an amended complaint.   In the amended complaint, Plaintiffs allege conversion and fraud against Zampelli, negligence and fraud against Scott Douglass (Douglass), civil conspiracy against Zampelli and Douglass, and respondeat superior, negligence,

---

* Retired Senior Judge assigned to the Superior Court.

negligent supervision and breach of contract against Members 1st Federal Credit Union (Members 1st).  On June 19, 2012, Plaintiffs also filed a motion to amend caption to add Leon P. Haller, Chapter 7 Trustee for Morrison Informatics[,] as a Plaintiff in the action.

Members 1st filed timely preliminary objections to both Plaintiffs' original complaint and Plaintiffs' amended complaint. Defendant's objections to Plaintiffs' amended complaint are as follows: 1) Plaintiffs failed to conform to Pennsylvania Rules of Civil Procedure because they filed an amended complaint without leave of court or consent of the adverse party; 2) Plaintiffs Morrison and Grigonis lack standing as shareholders and owners of Morrison Informatics because all injuries they suffered were indirect injuries suffered through the corporation Morrison Informatics; 3) Morrison Informatics lacks standing because it filed for bankruptcy prior to initiating this action; … 5) the complaint cannot be amended to add a new party such as Leon P. Haller when the statute of limitations has expired on the causes of action[.] …

## II.  Facts

Morrison Informatics is a Pennsylvania corporation. Grigonis and Morrison are shareholders of Morrison Informatics. Morrison Informatics employed [] Zampelli as a Finance Manager.  [] Douglass was a business banker at PNC Bank and was responsible for Morrison Informatics' accounts.

In January 2005, Douglass became employed by Members 1st as a business loan officer.  At some point following Douglass's transfer to Members 1st, Zampelli initiated and finalized a transfer of Morrison Informatics' banking relationship to Members 1st.  Douglass served as the relationship manager between Members 1st and Morrison Informatics during this time, aiding Morrison Informatics with opening a business checking account and a business line of credit, and with obtaining a Visa business credit card.

Zampelli was at no time authorized as a signer on Morrison Informatics' accounts or as a user of the Visa credit card. However, Zampelli opened a business savings account in the name of Morrison Informatics and listed himself as the sole authorized signer without the permission of Morrison Informatics.

During this time, Zampelli and Douglass engaged in "on-going, and substantial sports betting activities…." Zampelli supported his gambling by taking money from Morrison Informatics by utilizing Morrison Informatics' banking relationship with Members 1st without authority. Specifically, Zampelli obtained unauthorized cash withdrawals from checks payable to Morrison Informatics, cashed checks payable to Morrison Informatics by third parties and himself, made unauthorized cash withdrawals from Morrison Informatics' business checking account, and made unauthorized purchases with Morrison Informatics' Visa business credit card.

Plaintiffs became aware of Zampelli's conduct on June 9, 2009. On September 17, 2009, Morrison Informatics filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code. On September 22, 2009, Leon P. Haller was assigned as the Chapter 7 Trustee for Morrison Informatics. This action was initiated by a Praecipe for [w]rit of [s]ummons that was filed on May 27, 2011. The original [c]omplaint in this action was filed on May 7, 2012, to which Members 1st filed [p]reliminary [o]bjections on May 25, 2012.

On June 11, 2012, [] Douglass filed a Suggestion of Bankruptcy to stay the action as to Defendant Douglass pursuant to 11 U.S.C. § 362.[1] On June 19, 2012, Plaintiffs filed an Amended Complaint and a Motion to Amend Caption to add Leon P. Haller, Trustee as Plaintiff. The [a]mended [c]omplaint added a count for implied breach of contract. On July 5, 2012, Defendant, Members 1st, filed [p]reliminary [o]bjections to Plaintiffs' Amended Complaint.

Trial Court Opinion, 2/20/2013, at 1-4 (citations omitted).

The trial court sustained the preliminary objections and dismissed Plaintiffs' amended complaint by order of February 20, 2013. Plaintiffs timely filed a notice of appeal. Both Plaintiffs and the trial court have complied with Pa.R.A.P. 1925.

---

[1] By order of January 4, 2013, the bankruptcy court lifted the stay to allow this case to proceed.

Plaintiffs raise the following questions on appeal, which we have renumbered for ease of disposition.

[I].    Whether the trial court erred in ordering that Anthony M. Grigonis and Malcom H. Morrison do not have standing in their separate and distinct claims?

[II].   Whether the trial court erred in ordering that Morrison Informatics, Inc. could not amend [its] caption and therefore did not have standing?

   [A].   Should Morrison Informatics, Inc. been granted leave to amend the caption to substitute Chapter 7 Trustee, Leon P. Haller, for Morrison Informatics, Inc.?

   [B].   Whether Morrison Informatics, Inc. has standing to bring the case at issue?

Plaintiffs' Brief at 4 (suggested answers and unnecessary capitalization omitted).

Our standard of review in an appeal from an order sustaining preliminary objections is as follows.

In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.

*Martin v. Rite Aid of Pennsylvania, Inc.*, 80 A.3d 813, 814 (Pa. Super. 2013) (quoting *Keller v. Scranton City Treasurer*, 29 A.3d 436, 443 n. 12 (Pa. Cmwlth. 2011)).

We first examine whether the trial court erred in holding that Morrison and Grigonis lacked standing to bring the claims stated in the amended complaint.

"To have standing to sue individually, the shareholder must allege a direct, personal injury—that is independent of any injury to the corporation—and the shareholder must be entitled to receive the benefit of any recovery." **Hill v. Ofalt**, 85 A.3d 540, 548 (Pa. Super. 2014) (citing, *inter alia*, **Burdon v. Erskine**, 401 A.2d 369, 370 (Pa. Super. 1979) (*en banc*) ("An injury to a corporation may ... result in injury to the corporation's stockholders.  Such injury, however, is regarded as 'indirect,' and insufficient to give rise to a direct cause of action by the stockholder.")).

> If the injury is one to the plaintiff as a shareholder as an individual, and not to the corporation, for example, where the action is based on a contract to which the shareholder is a party, or on a right belonging severally to the shareholder, or on a fraud affecting the shareholder directly, or where there is a duty owed to the individual independent of the person's status as a shareholder, it is an individual action.  If the wrong is primarily against the corporation, the redress for it must be sought by the corporation, except where a derivative action by a shareholder is allowable, and a shareholder cannot sue as an individual….  Whether a cause of action is individual or derivative must be determined from the nature of the wrong alleged and the relief, if any, that could result if the plaintiff were to prevail.
>
> In determining the nature of the wrong alleged, the court must look to the body of the complaint, not to the plaintiff's designation or stated intention.  The action is derivative if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent dissipation of its assets….  If damages to a shareholder result indirectly, as the

result of an injury to the corporation, and not directly, the shareholder cannot sue as an individual.

*Hill*, 85 A.3d at 549. (quoting 12B Fletcher Cyclopedia of the LAW of CORPORATIONS § 5911 (2013)).

The trial court held that all of the injuries alleged by Morrison and Grigonis were indirect results of the harm suffered by Morrison Informatics, rather than individual wrongs suffered separately from their status as shareholders.

> In the present case, according to Plaintiffs' complaint and amended complaint, the loss of employment, livelihood, goodwill and the embarrassment and shame suffered by Grigonis and Morrison all resulted from the financial collapse and bankruptcy of Morrison Informatics. Consequently, the injuries suffered by Grigonis and Morrison did not arise from a contract to which they were a party or from a duty owed by Defendants directly to Grigonis and Morrison. Rather, the injuries suffered by Grigonis and Morrison were indirect injuries that resulted from the collapse of the corporation in which they were shareholders and owners. Therefore, Grigonis and Morrison lack standing to bring an action against Defendants for injuries which were suffered indirectly as a result of injuries to Morrison Informatics.

Trial Court Opinion, 2/20/2013, at 6 (citations omitted).

Our review of the record leads us to the same conclusion. Morrison and Grigonis argue in their brief that they were individually harmed by, *inter alia*, the loss of their personal investments because "Defendants violated duties owed to them based upon an employment relationship and a business relationship." Plaintiffs' Brief at 28. This argument is contrary to the allegations of the complaint and amended complaint, which provide that all of the relevant accounts were in the name of Morrison Informatics, not in

their individual names. ***See, e.g.***, Complaint, 5/7/2012, at ¶ 23 (referencing Morrison Informatics' business chacking account and Visa business credit card); Amended Complaint, 6/19/2012, at 27 (same). In each count of the amended complaint, the claims of Morrison and Grigonis are stated jointly with those of Morrison Informatics, with a single factual basis: that all of the Plaintiffs were injured by the wrongful taking of money from Morrison Informatics' business bank accounts and the making of unauthorized charges on Morrison Informatics' business credit card.

Accepting the well-pleaded facts as true, there is no question that Morrison and Grigonis have been injured. However, it is equally clear that the injuries all were suffered as an indirect result of the wrongs done to the corporation. No money was taken from personal accounts of Morrison or Grigonis. The losses were sustained solely by virtue of the status of Morrison and Grigonis as owners and shareholders of the corporation. Accordingly, the trial court did not err in sustaining the preliminary objections based upon the lack of standing of Morrison and Grigonis. ***See, e.g., Hill***, 85 A.3d at 550 (affirming trial court's dismissal of individual claims following sustaining of preliminary objections).

We turn to Plaintiffs' second question and sub-questions. Therein, Plaintiffs argue that the trial court erred in dismissing Morrison Informatics' claims based upon its lack of standing and in denying it leave to substitute its bankruptcy trustee as party plaintiff.

There is no dispute that, once it filed for bankruptcy, Morrison Informatics' claims against Defendants became the property of the bankruptcy estate. The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "This includes causes of action, which are considered property of the bankruptcy estate 'if the claim existed at the commencement of the filing and the debtor could have asserted the claim on his own behalf under state law.'" *In re Emoral, Inc.*, 740 F.3d 875, 879 (3rd Cir. 2014). Therefore, as was the case with the claims of Morrison and Grigonis, the trial court properly sustained Defendant's preliminary objection that Morrison Informatics lacked standing.[2]

The remaining question is whether the trial court erred in denying Plaintiffs leave to amend the complaint to substitute the bankruptcy estate of Morrison Informatics as a party plaintiff.

The trial court held that the lack of a named plaintiff with standing to sue rendered the amended complaint void *ab initio*. In so doing, it relied on *Thompson v. Peck*, 181 A. 597 (Pa. 1935), in which the case was initiated against Peck after Peck had died. After learning of Peck's death, Thompson

---

[2] Although Plaintiffs state in their brief that Morrison Informatics did have standing to bring its claims, what they argue is not that Morrison Informatics had standing, but that it continued to exist as a legal person. Plaintiffs' Brief at 25-26. Indeed, Plaintiffs acknowledge that the bankruptcy trustee "is the legal successor in interest to the bankrupt corporation." *Id.* at 18. Plaintiffs make no argument that the claims against Defendants were the property of Morrison Informatics at the time the complaint was filed, rather than the property of the bankruptcy estate.

sought, and was granted, leave to amend the complaint to substitute Peck's estate as party defendant. Our Supreme Court held that such amendment was impermissible:

> It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect. This disposes of the further argument that the defect was cured by the amendment. There can be no amendment where there is nothing to amend.

*Id.* at 598 (citations omitted).

Plaintiffs argue that the trial court erred in applying *Thompson* in the instant case by "improperly blending the analysis of competence to bring a lawsuit with real party in interest." Plaintiffs' Brief at 17. We agree.

"Clearly, the pivotal issue in *Thompson* was whether suit was initiated against a legal person." *Clinton v. Giles*, 719 A.2d 314, 317 (Pa. Super. 1998). Morrison Informatics did not cease to exist as a legal entity upon filing for bankruptcy; as alleged in the amended complaint, Morrison Informatics "**is** a Pennsylvania corporation." Amended Complaint, 6/20/2012, at ¶ 1 (emphasis added). Neither Defendants nor the trial court cites authority for the proposition that a pending bankruptcy petition is the equivalent of death. Therefore, unlike in *Thompson*, the problem in the instant case is not that the action was initiated lacking any legal party as a plaintiff, rendering it void *ab initio*. *Accord Graziani v. Randolph*, 856

A.2d 1212 (Pa. Super. 2004) (holding that bankruptcy court's grant of retroactive relief from automatic stay allowed case to continue although the complaint was filed against bankrupt defendant during pendency of the bankruptcy). The issue here is that the claims stated in the complaint were the property of the bankruptcy estate rather than that of Morrison Informatics. Thus, the bankruptcy trustee, and not Morrison Informatics, was and is the real party in interest. "A cause of action that is property of the estate is properly pursued by the bankruptcy trustee because it inures to the benefit of all creditors." **In re Emoral, Inc.**, 740 F.3d 875, 879 (3rd Cir. 2014) (internal quotation marks omitted).

The question becomes whether the trial court erred in refusing to allow Plaintiffs to amend the complaint to substitute the real party in interest as plaintiff. Although the preliminary objections were properly sustained on their merits, leave to amend the complaint should be granted unless it is impossible to cure the defects. As this Court has explained,

> Rule 1033 of the Pennsylvania Rules of Civil Procedure allows a party to amend his or her pleadings with either the consent of the adverse party or leave of the court. Leave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party.
>
> The policy underlying this rule of liberal leave to amend is to insure that parties get to have their cases decided on the substantive case presented, and not on legal formalities. Moreover, we have held:
>
> Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a

- 10 -

complaint without leave to amend. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. However, the right to amend should not be withheld where there is **some reasonable possibility** that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended pleading.

*Hill*, 85 A.3d at 557 (quotation marks and citations omitted; emphasis in original).

The trial court denied leave to amend based upon the following rationale.

Where courts have substituted a trustee for a debtor without concern for standing of the debtor, they have done so because the bankruptcy of the debtor was instituted while the underlying litigation was pending. *See Killmeyer v. Ogelbay Norton Co.*, 817 F.Supp.2d 681 (W.D.Pa. 2011). In other words, the debtor initiated bankruptcy *after* having filed an initial complaint with the court. Consequently, the debtor had standing at the time he or she initiated the case with the court, and only lost his or her right to the cause of action after filing for bankruptcy. In the present situation, Morrison Informatics filed for bankruptcy prior to initiating the action. Accordingly, it did not have a right to the cause of action at the time of filing its original complaint and, therefore, did not have standing to bring the initial complaint.

Trial Court Opinion, 2/20/2013, at 8-9 (emphasis in original).

The trial court's reason for denying Plaintiffs leave to substitute the bankruptcy trustee as party plaintiff was premised upon its conclusion that Plaintiffs' lack of standing to prosecute the claims stated in the complaint and amended complaint rendered the action a nullity. As discussed above, the lack of standing of any of the named plaintiffs at the time the action was

- 11 -

commenced did not render the complaint void and thus unamendable. Further, Plaintiffs' lack of standing did not deprive the trial court of jurisdiction to entertain the case. **See, e.g., In re Paulmier**, 937 A.2d 364, 368 n.1 (Pa. 2007) ("Our precedent is clear that [a challenge to standing is not incapable of being waived because of ties to jurisdiction]; standing is not a jurisdictional question.").

Whether a bankruptcy trustee may be substituted for a debtor when a case stating claims owned by the bankruptcy estate was initiated by the debtor appears to be an issue of first impression in Pennsylvania. Upon examination of decisions in this Commonwealth in related areas, as well as those of our sister states on the precise issue at hand, we hold that the trial court abused its discretion in denying Plaintiffs leave to amend the complaint to name the bankruptcy trustee as plaintiff.

> The real party in interest may be substituted for the original plaintiff, and the substitution of the real party in interest for the original plaintiff should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants. However, the substitution of the real party in interest for the original plaintiff should be denied where to do so would be to substitute a new cause of action or present a wholly new or different issue.

67A Corpus Juris Secundum Parties § 73 (footnotes omitted). **See also** 59 Am. Jur. 2d Parties § 318 ("[C]ourts generally hold that the pleadings in an action brought by a nominal plaintiff (or one suing for the use of another) may be amended to substitute the real party in interest (or person for whose benefit the suit is brought) at least where the claims and recovery sought

were included in the original complaint. … Amendments to substitute as plaintiff the real party in interest have long been condoned even in the absence of express statutory authority. They should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.") (footnotes omitted).

Other state courts have allowed the substitution of the bankruptcy trustee even where the complaint was filed in the debtor's name after bankruptcy proceedings had been instituted. A factually similar case is ***Cloud v. Northrop Grumman Corp.***, 79 Cal.Rptr.2d 544 (Cal. App. 1998). In that case, Cloud filed for bankruptcy in June 1996. She filed, in her own name, a wrongful termination and sexual harassment action against Northrop, her former employer, in December 1996, while the bankruptcy action remained pending. ***Id.*** at 546. Northrop filed a motion for judgment on the pleadings based upon, *inter alia*, Cloud's lack of standing. ***Id.*** The trial court granted the motion without leave to amend the complaint. ***Id.*** at 547. The appellate court agreed that Cloud lacked standing to file the complaint. ***Id.*** at 548 ("[Cloud's] claim was the property of her bankruptcy estate, and [Cloud] consequently lacked standing to bring this action."). That did not end the inquiry.

> Although the trial judge and Northrop were therefore correct that [Cloud] lacked standing, their apparent assumption that [her] lack of standing was fatal to her complaint was mistaken. It is true that a complaint filed by a party who lacks standing is subject to demurrer. The rationale for such a demurrer is

generally stated to be that a complaint by a party lacking standing fails to state a cause of action by the particular named plaintiff, inasmuch as the claim belongs to somebody else. A more accurately stated rationale would be that there is a defect in the parties, since the party named as plaintiff is not the real party in interest.[4] In any event, [a] suit is sometimes brought by a plaintiff without the right or authority to sue, and the amendment seeks to substitute the real party in interest. Although the original complaint does not state a cause of action **in the plaintiff**, the amended complaint by the right party restates the identical cause of action, and amendment is freely allowed.

_____
[4] This is especially so in light of the case law, discussed below, holding that in determining whether a cause of action is stated, the focus is on the factual allegations against the defendant, not upon the identity of the plaintiff. Hence the case law allows amendment to change the plaintiff and holds that such an amendment does not amount to a change in the cause of action for statute of limitations purposes.

* * *

California allows great liberality in the amendment of pleadings, particularly when the only change is a substitution of parties without alteration of the substantive grounds of the suit. A plaintiff may amend his complaint to sue in his representative rather than individual capacity without stating a new cause of action. It should be borne in mind ... that the substantive cause of action counted on in the amended complaint has not been changed. It remains precisely the same as that stated in the original pleading. No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which he sues.... This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action. It is one of form rather than of substance, and in the interests of justice is to be treated as such, rather than to adopt a view which would result in an irretrievable bar to all remedy. Under the modern doctrine, the discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits....

*Id.* at 549-550 (citations, footnote, and quotation marks omitted; emphasis in original). The court therefore remanded the case with instructions to enter an order granting the motion for judgment on the pleadings with leave to amend the complaint. *Id.* at 561. *See also Miller v. Campbell*, 192 P.2d 352 (Wash. 2008) (granting motion on appeal to substitute the bankruptcy trustee as the real party in interest in sexual abuse case); *Rice v. Adam*, 575 N.W.2d 399 (Neb. 1998) (trial court erred in dismissing medical malpractice plaintiff's claims without giving her the opportunity to substitute the bankruptcy trustee as the real party in interest). *But see Powers v. Dankof*, No. CA 24505, 2011 WL 6016293 (Ohio App. filed December 2, 2011) (holding trial court did not err in dismissing the case without allowing plaintiff to amend to add the bankruptcy trustee as the real party in interest where state rule required amendment to cure defect within a reasonable time, and plaintiff took no effort to cure the defect for five months).

Pennsylvania case law concerning substitution of parties "has usually arisen in the context of adding defendants after the statute of limitations has run against them." *Borough of Berwick v. Quandel Group Inc.*, 655 A.2d 606, 608 (Pa. Super. 1995). "Generally, when an [party] will not be prejudiced by the proposed change, courts are inclined to deem the change one of name only, not of party, and will permit the amendment to allow the change." *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning*, 531 A.2d 494, 496 (Pa. Super. 1987).

The only Pennsylvania appellate case we have found addressing substitution of a plaintiff, rather than a defendant, after the running of the statute of limitations is **Borough of Berwick, supra**. In that case, "the Borough of Berwick decided to upgrade and refurbish its sewage treatment plant. The borough did this through the Municipal Authority of the Borough of Berwick (the Authority). The Authority owned the plant, and leased it to the Borough of Berwick." 655 A.2d at 607. "The Authority entered into construction contracts with the defendants. The borough was not a party to any of the Authority's contracts with defendants[.]" **Id.** Nonetheless, after there were serious problems with the sewage plant, the Borough, rather than the Authority, filed a complaint. In the initial appeal following the sustaining of the demurrer of defendant Innova-Tech, this Court held that "the Borough of Berwick had no standing to sue Innova–Tech. It insulated itself from the plant construction, and instead used the separate legal entity of the Authority to build, maintain and own the plant. The Authority dealt with the defendants, so the proper party to bring suit would have been the Authority." **Id.** On remand to the trial court to address the motions of the other defendants, the Borough sought leave to amend the complaint to add the Authority as a party plaintiff. The trial court declined to grant leave to amend, citing the futility of the amendment. This Court affirmed, holding under those circumstances that a "plaintiff without standing may not commence a suit and then attempt to substitute the proper plaintiff after the statute of limitations has run. The substitution would effectively introduce a

new cause of action which is time barred, and will therefore not be permitted." ***Borough of Berwick***, 655 A.2d at 608.

The circumstances of the instant case are distinguishable. In ***Borough of Berwick***, this Court examined the relationship between the Authority and the Borough and concluded that the Borough was neither a party to the contract nor a third-party beneficiary. Because the Authority was a separate and distinct entity, the substitution of the real party in interest had the effect of adding a new party. Here, the amendment would not have that effect, because the bankruptcy trustee stands in the shoes of the debtor, subject to all of the same claims and defenses to which the debtor was susceptible. ***See, e.g., Bank of Marin v. England***, 385 U.S. 99, 101 (1966) ("[A] trustee in bankruptcy is vested by operation of law with the title of the bankrupt as of the date of the filing of the petition to described kinds of property including rights of action. … The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition.") (citations and quotation marks omitted).

The amendment thus would not have the effect of adding a new party or a new cause of action. Further, Defendants will suffer no surprise as a result of the amendment, as Plaintiffs disclosed the bankruptcy of Morrison Informatics in the body of the initial complaint. ***See*** Complaint, 5/7/2012,

at ¶¶ 30b, 33b, 39b, 42b, 47b, 54b, and 59b (listing the "financial collapse and bankruptcy" of Morrison Informatics among the claimed damages).

Accordingly, we hold that the trial court erred in its determination that granting Plaintiffs leave to amend the complaint to substitute the bankruptcy trustee as plaintiff was futile. Upon remand, the trial court shall enter an order sustaining the preliminary objections of Members 1st and granting Plaintiffs leave to file an amended complaint to substitute Leon P. Haller, Chapter 7 Trustee for Morrison Informatics, Inc., as Plaintiff in this action.[3]

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2014

---

[3] Also before us is the Application to Provide Documents from Certified Record Responsive to Inquiry by the Court filed by Members 1st after oral argument. As the documents attached to the application are located in the certified record, we deny the application as moot.