COX, J.,
Before the court for disposition is the motion for summary judgment filed on behalf of the defendant Steven B. Lombardi, DMD, which argues the following:
I. Counts I through IV of the amended complaint should be dismissed for lack of standing as they were filed by the plaintiff as an individual shareholder even though the plaintiff is seeking to recover for injuries suffered by the corporation;
II. Counts I through III of the amended complaint should be dismissed because the plaintiff failed to identify a legal duty owed by the defendant to the plaintiff;
III. The plaintiff fails to allege an injury that is separate and distinct from the injury sustained by the corporation in Counts I through IV;
IV. If the plaintiff’s amended complaint is dismissed, the plaintiff should not be granted leave to amend his amended complaint as the statute of limitations has expired;
V. The plaintiff has failed to present sufficient evidence to support his claims as set forth in Counts I through IV of the amended complaint; and
VI. If the court grants summary judgment on Counts I through IV, the plaintiff’s request for an accounting in *80 Count V should be dismissed as irrelevant.
The plaintiff William R. Steines, DMD, filed a response, in which he contends that the defendant waived the issue of lack of capacity to sue, as it should have been raised in preliminary objections, and that he has standing to file suit in this matter, as he was directly injured by the defendant utilizing inventory from Osteo Implant Corporation for a competing corporation and by the defendant’s continuing to use Osteo Implant Corporation’s telephone number for a competing business. Moreover, if the court dismisses the amended complaint for lack of capacity to sue, the plaintiff should be granted leave to amend the amended complaint, as the defendant had notice of the claims prior to the expiration of the statute of limitations. The plaintiff also contends that he identified a legal duty that the defendant breached, and that it caused an injury to the plaintiff as a stockholder individually. In addition, the plaintiff claims that Counts I through IV of his amended complaint should not be dismissed as he has identified an injury that is separate and distinct from the injury suffered by Osteo Implant Corporation. The plaintiff asserts that the defendant’s argument that the plaintiff failed to provide evidence to support a primafacie case for Counts I through IV is not ripe for review, as discovery is not completed. If the court determines that issue is ripe for review, the plaintiff contends that he has presented sufficient evidence to establish a prima facie case for each of those claims.
Osteo Implant Corporation (hereinafter “Osteo Implant”) was formed on August 18, 1986, by the defendant with the purpose of designing and distributing a line of dental implants. Osteo implant was in the business of supplying dentists with external hex dental implants. The defendant was sole shareholder of Osteo Implant until *81 1996 when the plaintiff purchased a 15 percent interest in the corporation by paying the defendant the sum of $75,000.00. On December 17, 1998, the plaintiff became an equal shareholder in the corporation with the defendant and they were the sole owners of Osteo Implant. On March 12, 2004, the defendant formed a new corporation called American Dental Implant Corporation (hereinafter “American Dental”), which produces internal hex dental implants. It must be noted that American Dental also advertises that it provides external hex implants. The defendant is the sole shareholder for American Dental. Once he commenced operating his new corporation, the defendant was seldom present at the Osteo Implant location. On November 11, 2004, the defendant, the plaintiff and James Goodrich, Osteo Implant’s accountant, had a meeting to discuss the number of implants the plaintiff was taking for his private practice as it far exceeded the number of implants he was using with his patients. Osteo Implant stopped conducting business in December of2006 and the defendant received half of the remaining inventory, used it in his private practice and sold it through American Dental as a courtesy to Osteo Implant’s former customers, in 2006, the defendant earned $130,649.78 from American Dental while still earning $49,945.01 from Osteo Implant. In addition, Gina Hennon, Office Manager for Osteo Implant, Ron Deporzio, a salesman for Osteo Implant, and Danielle Golfing, secretary for Osteo Implant, worked for American Dental while Osteo Implant was still conducting business. Ms. Hennon and Ms. Golfing are still employed by American Dental. American Dental is utilizing Osteo Implant’s telephone number and employees attempt to sell products to customers calling for Osteo Implant. On *82 December 11, 2006, the plaintiff’s counsel[1] at the time sent the defendant’s counsel a letter stating his desire that Osteo Implant stop conducting business as of December 15,2006. On December 19,2006, counsel for the defendant submitted a counter-proposal in which he recommended that Osteo Implant stop conducting business immediately. In January or February of 2007, the defendant removed what he believed were half of the implants that Osteo Implant had as inventory while awaiting an accounting during the process of dissolving the corporation. However, Osteo Implant has yet to be dissolved and is still an entity under Pennsylvania law.
The plaintiff filed suit against the defendant on April 5, 2007, asserting claims for breach of fiduciary duty, misappropriation of corporate assets, misappropriation of corporate opportunity and fraud. The plaintiff also sought accounting concerning the corporate assets. On May 9, 2007, the defendant filed preliminary objections. The court sustained the defendant’s preliminary objection for insufficient specificity on February 26, 2008, and the plaintiff was granted leave to amend his complaint. On March 24, 2008, the plaintiff filed his amended complaint averring claims for breach of fiduciary duty, misappropriation of corporate assets, misappropriation of corporate opportunity and fraud. Again, the plaintiff was *83 seeking an accounting of the corporate assets. The plaintiff sought recourse for the defendant depriving him of his salary, his share of corporate profits and a devaluing of his ownership interest in Osteo Implant. On April 11, 2008, the defendant filed preliminary objections to amended complaint. However, on August 4,2008, the parties reached a stipulation that the phrase “corporate opportunities” in paragraphs 29,30,31 and 32 are identified as opportunities involving the sale of completed dental implants to existing and new customers in Columbia and South Korea. The court ordered that due to the stipulation, the preliminary objections to amended complaint were rendered moot. The parties conducted discovery and the defendant filed this motion for summary judgment on June 16, 2014.
The defendant’s first argument is Counts I through IV of the amended complaint should be dismissed as they were filed by the plaintiff as an individual shareholder even though the plaintiff is seeking to recover for injuries suffered by the corporation.
Pennsylvania law has placed limitations on shareholder standing to file claims individually as set forth in 15 Pa.C.S.A. § 1717, which states as follows:
Thedutyoftheboardofdirectors,committeesoftheboard and individual directors under section 1712 (relating to standard of care and justifiable reliance) is solely to the business corporation and may be enforced directly by the corporation or may be enforced by a shareholder, as such, by an action in the right of the corporation, and may not be enforced directly by a shareholder or by any other person or group. Notwithstanding the preceding sentence, sections 1715(a) and (b) (relating to exercise of powers generally) and 1716(a) (relating to alternative *84 standard) do not impose upon the board of directors, committees of the board and individual directors any legal or equitable duties, obligations or liabilities or create any right or cause of action against, or basis for standing to sue, the board of directors, committees of the board and individual directors.
Establishing that an injury to the corporation may result in an injury to the corporation’s stockholders is insufficient to provide standing to file a direct cause of action by the stockholder. Burdon v. Erskine, 264 Pa. Super. 584, 586, 401 A.2d 369, 370 (1979)(citing Kelly v. Thomas, 234 Pa. 419, 428, 83 A. 307 (1912)). “To have standing to sue individually, the shareholder must allege a direct, personal injury — that is independent of any injury to the corporation — and the shareholder must be entitled to receive the benefit of any recovery.” Hill v. Ofalt, 85 A.3d 540, 548 (Pa. Super. 2014) (citations omitted).
In Hill, the appellant filed an appeal of the trial court’s order sustaining the appellee’s demurrer. In 2006 or 2007, the parties entered into an oral agreement to form a Pennsylvania corporation as equal partners in order to operate a restaurant. The appellant agreed to provide some start-up capital and utilize his expertise in the restaurant business to get the business “up and running.” The appellee would then assume the responsibilities for the day-to-day operation of the restaurant. The parties also jointly procured a loan in the amount of $250,000 from Peoples National Bank and a $50,000 Small Business Association loan. Both parties personally guaranteed the loans. In August of 2007, the restaurant opened and the appellant worked on an almost full time basis there for four months. The appellant then turned the operation of the business over to the appellee in January of 2008. The *85 appellee began providing his friends with free alcoholic beverages and food, voiding transactions on the computer system, “pocketing” money from the restaurant and diverting money from the corporation to himself and his father. Moreover, the appellee and other individuals stayed in an apartment above the restaurant without paying rent. As a result, the restaurant closed in March of 2010, and the corporation fell into arrears to the taxing authority in the amount of $250,000. In addition, the corporation defaulted on the two loans guaranteed by the parties. The appellant filed suit seeking claims for declaratory relief, breach of contract, breach of fiduciary duty, unjust enrichment, conversion and a request for a constructive trust. The appellee filed preliminary objections raising several arguments, including legal insufficiency because the appellant improperly asserted an individual action against the appellee instead of a shareholder’s derivative action, legal insufficiency for the claim of breach of fiduciary duty, insufficient specificity of the pleading, statute of limitations, legal insufficiency of the appellant’s conversion claim and insufficient specificity concerning the conversion claim. The trial court sustained the appellee’s preliminary objections in the nature of a demurrer as to all counts of the complaint because the appellant did not have standing to institute a direct action for individual damages. The appellant then filed an appeal to the Superior Court of Pennsylvania contending that the trial court erred in sustaining the appellee’s preliminary objections, denying the appellant’s motion for reconsideration and refusing to grant the appellant leave to amend the complaint to assert derivative claims.
The Hill Court reiterated that the trial court held that the claims being asserted by the appellant against the appellee *86 belonged to the corporation and constituted shareholder’s derivative claims, Id., 85 A.3d at 548. The appellant argued that pursuant to Section 7.01(d) of the Principles of Corporate Governance: Analysis And Recommendations he was entitled to file a direct action against the appellee because it was a closely held corporation. The court cited to 15 Pa.C.S.A. § 1717 in stating that only the corporation and a shareholder filing an action in the right of the corporation may bring a claim that a director breached the standard of care owed to the corporation. Id. “Further, under established Pennsylvania law, a shareholder does not have standing to institute a direct suit for ‘a harm [that is] peculiar to the corporation and [that is] only indirectly injurious to [the] shareholder.’” Id. (quoting Reifsnyder v. Pgh. Outdoor Adver. Co., 405 Pa. 142, 173 A.2d 319, 321 (1961)). As such, that claim belongs to the corporation. Id. In order to establish standing, an individual shareholder must demonstrate “a direct, personal injury — that is independent of any injury to the corporation — and the shareholder must be entitled to receive the benefit of any recovery.” Id. (citing Reifsnyder, supra.; Burdon, 264 Pa. Super. 584, 401 A.2d at 370)). The Hill Court reasoned as follows:
If the injury is one to the plaintiff as a shareholder as an individual, and not to the corporation, for example, where the action is based on a contract to which the shareholder is a party, or on a right belonging severally to the shareholder, or on a fraud affecting the shareholder directly, or where there is a duty owed to the individual independent of the person’s status as a shareholder, it is an individual action. If the wrong is primarily against the corporation, the redress for it must be sought by the corporation, except where a derivative *87 action by a shareholder is allowable, and a shareholder cannot sue as an individual...Whether a cause of action is individual or derivative must be determined from the nature of the wrong alleged and the relief, if any, that could result if the plaintiff were to prevail. Id., 85 A.3d at 549 (quoting 12B Flether Cyclopedia of the Law of Corporations § 5911 (2013)).
The appellant argued that he had an injury independent of the corporation as the department of revenue filed a lien against him and the small business administration commenced proceedings against him. The Hill Court determined that the appellant failed to allege valid claims, against the appellee as the injury sustained from the appellee’s actions constituted a breach of duty to the corporation and not to the appellant individually. Id., 85 A.3d at 550. The court also explained that equal shareholders in a closely held corporation do not owe a fiduciary duty to each other and Pennsylvania only places a duty upon majority shareholders to protect the interests of minority shareholders. Id., Hence, the appellee did not breach a fiduciary duty to the appellant as an individual. Id., Moreover, the Hill Court held that the alleged injury due to the personal guarantee for the loans is derivative as it stems from the injury caused to the corporation. Id., 85 A.3d at 552. Therefore, the court stated, “We...conclude that the trial court was correct in determining that all of appellant’s alleged injuries are derivative in nature.” Id.
Also, in Morrison Informatics, Inc. v. Members 1st Federal Credit Union, 97 A.3d 1233 (Pa. Super. 2014), the Pennsylvania Superior Court affirmed the trial court’s order sustaining preliminary objections by the Members 1st Federal Credit Union (hereinafter “Members 1st”) and dismissing the appellants’ complaint as the appellants *88 tacked standing as all of their injuries were suffered indirectly through the corporation. The appellants were shareholders of Morrison Informatics, Inc. (hereinafter “Morrison Informatics”), which employed Mark Zampelli as a finance manager. Scott Douglass was a business banker for the appellee and was responsible for the Morrison Informatics account. Mr. Douglass served as the relationship manager between Members 1 st and Morrison Informatics. Mr. Zampelli, without authorization, obtained a visa business credit card and opened a business savings account in the name of Morrison Informatics, for which he was the sole authorized signer. During that time, Mr. Zampelli and Mr. Douglass engaged in sports betting activities that Mr. Zampelli supported with money taken from Morrison Informatics utilizing the banking relationship with Members 1st. Mr. Zampelli obtained unauthorized cash withdrawals and cashed checks payable to Morrison Informatics. He also made unauthorized purchases utilizing Morrison Informatics’ Visa business credit card. The appellants eventually became aware of those activities on June 9, 2009. Morrison Informatics filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. On September 22,2009, Leon P. Halier was appointed trustee for Morrison Informatics. In addition, an action was commenced by filing a praecipe for writ of summons on May 27, 2011. A complaint was filed and Members 1st filed preliminary objections. The caption was amended to add Mr. Haller as trustee and an amended complaint was filed. Members 1st then filed preliminary objections, which were sustained by the trial court and the amended complaint was dismissed. The appellants filed an appeal, which argued the trial court erred in determining that they did not have standing to file their claims and not permitting Morrison Informatics to *89 amend the caption.
The court initially examined whether the appellants had standing to the claims stated in the amended complaint. In order to have standing, the shareholders must allege a direct, personal injury that is independent of any injury sustained by the corporation. Id., 97 A.3d at 1237 (quoting Hill, supra). The court noted that the trial court held that all of the injuries sustained by the appellants were derived from the harm suffered by Morrison Informatics. The Superior Court reached the same conclusion as the accounts from which Mr. Zampelli received money bore the Morrison Informatics name, not the appellants’ names individually, and each count of the complaint states the appellants’ names jointly with Morrison Informatics. Id., 97 A.3d at 1238-1239. The Morrison Court stated, “Accepting the well-pleaded facts as true, there is no question that [the appellants] have been injured. However, it is equally clear that the injuries were suffered as an indirect result of the wrongs done to the corporation.” Id., 97 A.3d at 1239. In addition, “[t]he losses were sustained solely by virtue of the status of [the appellants] as owners and shareholders of the corporation.” Id., Thus, the Morrison Informatics Court affirmed the order of the trial court sustaining the appellee’s preliminary objections. Id.
In the case sub judice, the plaintiff is asserting claims of breach of fiduciary duty, misappropriation of corporate assets, misappropriation of corporate opportunity and fraud. Moreover, he is attempting to recover damages for the defendant depriving him of his salary, his share of corporate profits and a devaluing of his ownership interest in Osteo Implant. However, the plaintiff claims that he suffered those injuries indirectly through damages caused to Osteo Implant by the defendant creating a business *90 in the field of dental implants. The defendant created Osteo Implant and, eventually, permitted the plaintiff to become an equal shareholder. Osteo Implant began having financial difficulty and the defendant decided to change from external hex implants to internal hex implants. In doing so, he created American Dental to design and distribute those implants. The plaintiff claims that the defendant breached his fiduciary duty to Osteo Implant by creating American Dental, which the plaintiff argues is competing in the same market as Osteo Implant.
The plaintiff has failed to demonstrate that his damages were caused directly to him individually by the defendant. Instead, it appears that his claims are derived from damages caused to Osteo Implant by the defendant and he has only been harmed in his capacity as a shareholder. It is apparent that these claims are held by Osteo Implant and not the plaintiff in his individual capacity. Therefore, the plaintiff lacks standing to assert the claims stated in the amended complaint against the defendant in his individual capacity as they should have been raised by Osteo Implant.
The plaintiff contends that the defendant is not permitted to argue that the plaintiff lacks the capacity to sue as that argument should have been raised in his preliminary objections.
Pa.R.C.P. No. 1028(a)(5) permits the filing of preliminary objections asserting that the plaintiff lacks the capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action. “A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can *91 be granted, the defenses of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.” Pa.R.C.P. No. 1032(a). However, the doctrine of waiver does not apply to a claim of lack of capacity to sue where no substantive right exists to raise the claims being asserted. Maxson v. McElhinney, 370 Pa. 622, 624-625, 88 A.2d 747, 748-749(1952).
In Maxson, Merle G. Maxson was killed in an automobile accident when his vehicle was struck by a vehicle being driven by Benjamin Harrison McElhinney, who also died as a result of his injuries, while in North Carolina. Mr. Maxson’s wife filed suit in Pennsylvania on her own behalf and on behalf of her son against Mr. McElhinney’s wife for wrongful death. North Carolina law only permitted a wrongful death suit to be filed by the personal representative of the decedent. Mrs. McElhinney filed an answer claiming that Mr. McElhinney was not operating the vehicle in question. She subsequently filed a petition arguing that North Carolina law governed the case and only a personal representative was entitled to sue for wrongful death. The Maxson Court determined that defense was not waived pursuant to Pa.R.C.P. No. 1032, even though it was not raised in preliminary objections and an answer was filed. Id., The court explained, “Since no right exists in plaintiff, she cannot state a claim upon which relief can be granted and for that reason her suit must be dismissed.” Id. In addition, the Maxson Court did not permit Mrs. Maxson to amend her suit to make the personal representative the party-plaintiff as the statute of limitations had become a bar as it expired and did not *92 permit the introduction of a new cause of action by the substitution of different parties. Id., 370 Pa. at 626, 88 A.2d at 749.
In the current matter, the defendant is permitted to raise the defense of lack of capacity to sue at the current time, even though it would have been more properly raised by preliminary objection, as Pennsylvania law does not provide a substantive right for the plaintiff to recover in his individual capacity for his current claims as they should have been raised by the corporation. Similar to Maxson, where Mrs. Maxson was barred by North Carolina law from filing suit on behalf of herself and her son for the death of her husband, the plaintiff is currently barred by 15 Pa.C.S.A. § 1717 and the existing Pennsylvania case law from filing suit individually against the defendant for damages sustained in his capacity as a shareholder of Osteo Implant. Therefore, the defendant did not waive his ability to raise a lack of capacity to sue defense by failing to assert the same in his preliminary objections.
The plaintiff also asserted that he should be permitted to amend his amended complaint in the event that the court determined that he lacked the capacity to sue. The statute of limitations period applicable to this case is set forth in 42 Pa.C.S.A. § 5527(b), which states, “Any civil action or proceeding which is neither subject to another limitation specified in this chapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.” The statute of limitations in the current matter commenced, at the earliest, on March 12, 2004, when the defendant formed American Dental. As a result, the six-year statute of limitations period expired on March 12, 2010. Even if the plaintiff did not know of the possible *93 claims at that time, he would have been aware of possible claims of breach of fiduciary duty when Osteo Implant ceased conducting business in December of 2006. If the statute of limitations commenced on that date, it would have expired in December of 2012. The court will not permit the plaintiff to amend his amended complaint to add another party when it is apparent the statute of limitations expired approximately two years prior to the defendant’s motion for summary judgment. Therefore, the statute of limitations has expired in this case and the plaintiff is not granted leave to amend his amended complaint in accordance with the court’s ruling in Meas on.
The defendant also asserted that, in the event the court dismissed Counts I through IV of the plaintiff’s amended complaint, the plaintiff’s request for an accounting in Count V should be dismissed as it is irrelevant. In Count V of the amended complaint, the plaintiff is requesting an accounting of the corporate assets for American Dental to determine the profits obtained from the defendant allegedly misappropriating assets from Osteo Implant. As previously stated in this opinion, the court has dismissed Counts I through IV as the plaintiff lacks standing to file suit against the defendant as an individual shareholder. Hence, the plaintiff’s lack of standing renders his request for an accounting in Count V of his amended complaint no longer relevant and it is dismissed because the court has determined that he lacks the capacity to assert his claims as an individual shareholder for damages allegedly caused to Osteo Implant by the defendant.
For the reasons set forth in this opinion, the defendant’s motion for summary judgment is granted. The plaintiff’s claims are dismissed as he lacks standing to file the same in his individual capacity and he is not entitled to an *94 accounting of the assets for American Dental. As such, the court did not address the other issues presented by the defendant asserting that the plaintiff failed to present sufficient evidence to establish a prima facie case for his claims. Moreover, the court denies the plaintiff’s request for leave to amend his amended complaint.
ORDER OF COURT
N ow this 2 8 th day of J anuary, 2015, this case was before the court previously for oral argument on the motion for summary judgment filed by the defendant, with both parties appearing through counsel, the plaintiff, William R. Steines, D.M.D., represented through counsel, Lawrence J. Keith, Esquire, and the defendant, Steven B. Lombardi, D.M.D., represented through counsel, Phillip L. Clark, Jr., Esquire, and after consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order, and it is hereby ordered, adjudged and decreed as follows:
1. In accordance with the attached opinion, motion for summary judgment filed by the defendant is hereby granted.
2. The original complaint and the amended complaint, and all counts contained therein, filed by the plaintiff are hereby dismissed with prejudice.
3. The prothonotary shall enter summary judgment in favor of the defendant, Steven B. Lombardi, D.M.D., and against the plaintiff, William R. Steines, D.M.D.
4. The prothonotary shall serve a copy of this order of court upon counsel of record, Lawrence J. Keith, Esquire, and Phillip L. Clark, Jr., Esquire.

. The plaintiff’s counsel at that time was Norman J. Barilla, Esquire, who represented the plaintiff prior to filing suit and during portions of the current litigation. Attorney Barilla and Michael E. Hughes, Esquire, filed the complaint and the amended complaint on behalf of the plaintiff. On March 9, 2009, a reply to new matter was filed on behalf of the plaintiff by Peter E. Home, Esquire; however, the record does not indicate that attorney Home filed an entry of appearance. On March 31,2009, attorney Barilla filed his praecipe to withdraw appearance. The plaintiff’s current counsel Lawrence J. Keith, Esquire, filed a praecipe to enter appearance on July 30, 2009.