J-A16034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES PINOSKI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SHEFFIELD TAVERN, LLC, EDWARD BRADLEY, INDIVIDUALLY AND T/A SHEFFIELD TAVERN, LLC AND ALSO T/A E & J ENTERPRISES, LLC | |
| Appellees | No. 3277 EDA 2014 |

Appeal from the Order Entered October 24, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2012, No. 1206

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:　　　　　　**FILED SEPTEMBER 15, 2015**

James Pinoski appeals from the order entered in the Court of Common Pleas of Philadelphia County, which struck the judgment against Edward Bradley and E & J Enterprises, LLC ("E & J") (collectively, Appellees) and dissolved the writ of execution in attachment levied on bank accounts belonging to Appellees.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history as follows:

> On May 15, 2012, the then[-]living [appellant] James Pinoski commenced this action by complaint against Sheffield Tavern, LLC[,] trading as Sheffield Tavern (hereinafter referred to as

---

[*] Retired Senior Judge assigned to the Superior Court.

"Sheffield Tavern"). [The complaint alleged that Pinoski sustained injuries when an employee of Sheffield Tavern recklessly attacked him and removed him from the establishment.] An affidavit of service as to Sheffield Tavern was filed on May 23, 2012. As of June 30, 201[2], an answer to the complaint was not filed; a default judgment was entered against Sheffield Tavern only.

An assessment of damages hearing was held on April 16, 2013. The record, at the request of the [Pinoski], was left open to permit [Pinoski] to supplement the record. On August 21, 2013[,] an order assessing damages against Sheffield Tavern in the amount of $135,000 was issued.

Five (5) days after issuance of the order, on August 26, 2013, [Pinoski] filed a motion to amend the judgment to include Edward Bradley, Individually and t/a Sheffield Tavern, LLC and t/a E & J Enterprises, LLC. All parties were notified of the filing of the motion. No opposition was provided. On October 15, 2013, the motion was granted.

On July 24, 2014, a Praecipe to Issue a Writ of Execution against Sheffield Tavern, Edward Bradley, and E & J Enterprises, LLC[1] was filed by counsel for the now[-]deceased [Pinoski]. On September 11, 2014, the writ was served upon the [Appellees'] bank accounts. [Appellees'] accounts were subject to garnishment.

> [1] It was belatedly learned that [Pinoski] passed away sometime in 2014. The exact date is unknown as counsel for [Pinoski] failed to file a Notice of Death. **See** Pa.R.C.P. § 2355(a). It is noted that a personal representative of the decedent was not substituted. **See** Pa.R.C.P. § 2352(a).[1]

On September 15, 2014, an emergency motion, subject of this appeal, was filed. Oral arguments were heard on September 16, 2014 and October 20, 2014. On October 24, 2014, the judgments against Edward Bradley and E & J Enterprises, LLC

---

[1] We note that this action is not moot as it relates to Appellees. We make no further comment on the status of Pinoski or his putative estate.

were stricken as void and the writs [served on their bank accounts were] dissolved.

Trial Court Opinion, 2/9/15, at 1-2.

Pinoski timely filed a notice of appeal and court-ordered concise statement of errors complained of on appeal. Pinoski raises the following issues for our review:

1. Did the lower court have proper jurisdiction over [Appellees] in the case?

2. Did the lower court properly grant the Motion to Amend the Name [of] the [Appellees] in the case?

3. Did the [Appellees] fail to file a timely appeal from a "final order?"

4. By [their] intentional delay, did [Appellees] waive the right to seek vacating the judgment?

5. By [their] intentional delay, did [Appellees] waive the right to have the default judgment opened?

Brief of Appellant, at v.

Though Pinoski lists several issues for our review, the crux of the instant matter is whether the judgment against Bradley and E & J was void because the trial court did not have jurisdiction over them. Thus, the dispositive question before us is whether the trial court erred in granting the Appellees' petition to strike the judgment on this basis.

A petition to strike a judgment alleges that there is a fatal defect or irregularity on the face of the record. *EMC Mortgage, LLC v. Biddle*, 114 A.3d 1057, 1063 (Pa. Super. 2015). If the nature of the defect is jurisdictional, the judgment is void and may be stricken at any time. *M & P Management, L.P. v. Williams*, 937 A.2d 398, 400-01 (Pa. 2007). For a

- 3 -

court to exercise jurisdiction over a party, the party must have been served with a complaint in accord with the rules of civil procedure. "If there is no valid service of initial process, a subsequent judgment by default must be deemed defective. In the absence of valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him." *Brooks v. B & R Touring Co.*, 939 A.2d 398, 401 (Pa. Super. 2007) (citation omitted).

A petition to strike does not involve the discretion of the court; thus, we review an order regarding a petition to strike to determine whether the record is sufficient to sustain the judgment. *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 920 (Pa. Super. 2010). In this respect,

> a court may only look at what was in the record when the judgment was entered. Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief.

*Oswald v. WB Public Sq. Assoc., LLC*, 80 A.3d 790, 794 (Pa. Super. 2013).

Instantly, at the time judgment was entered, neither Bradley nor E & J were parties to the action. They were never served with a complaint naming them as parties or advising them of the claims asserted against them. Instead, the record reveals that Appellees' names were merely added to the

judgment[2] after it was obtained against a separate and unrelated legal entity, Sheffield Tavern, LLC.[3] Thus, the trial court did not have jurisdiction over Bradley and E & J and the judgment against them is void as a matter of law. ***See Brooks***, ***supra***, at 402 (where defendant was never served with complaint naming her as defendant, judgment against her void for lack of jurisdiction).

Finally, we note that Pinoski's arguments regarding whether Appellees waived their right to strike the judgment are without merit, since a judgment that is deemed to be void for jurisdictional reasons **may be stricken at any time**. ***M & P Management, L.P.***, ***supra***.

Order affirmed.

_____

[2] Pinoski relied upon Pa.R.C.P. 1033 to add Appellees' names to the judgment, even though the rule is not a means of adding "a new and distinct party." ***Borough of Berwick v. Quandel Grp. Inc.***, 655 A.2d 606, 608 (Pa. Super. 1995). However, the fact that Appellees' names were added to the judgment is inconsequential because it does not cure the trial court's lack of jurisdiction.

[3] The record reveals that Appellees were aware of claims asserted against Sheffield Tavern, LLC. However, jurisdiction was not obtained over Appellees since proper service of process was not made on them.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2015